UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TARA LEBLANC,

    Plaintiff,

v.                         Case No: 2:19-cv-285-FtM-99MRM

LVNV FUNDING, LLC,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for More Definite Statement (Doc. #7) filed on May 8, 2019. Plaintiff *pro se* Tara LeBlanc filed a Response (Doc. #9) on June 13, 2019. For the reasons set forth below, the Motion is granted.

**I.**

Plaintiff, proceeding *pro se*, filed her Complaint in state court on March 26, 2019, alleging violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and Florida statutes. (Doc. #3.) Defendant removed the case to this Court on May 1, 2019, pursuant to 28 U.S.C. § 1331. The Complaint is a handwritten, one-page document titled "Statement of Claim" that alleges no facts and does not break the claims into counts. Defendant moves for a more definite statement to require plaintiff to amend to comply with Fed. R. Civ. P. 8(a).

**II.**

Pursuant to Fed. R. Civ. P. 12(e), a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a shot gun pleading. Byrne v. Nezhat, 261 F.3d 1075, 1128-29 (11th Cir. 2001). Pleadings of this nature are prohibited by Rule 8(a)(2), which requires a claim for relief to be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy the pleading requirements of Fed. R. Civ. P. 8, the complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

Here, the Court finds that the state court Complaint is not sufficiently specific to place defendant on notice of the claims against it. Most notably, the Complaint contains no facts. The Court will allow plaintiff the opportunity to amend. Pursuant to Federal Rule of Civil Procedure 10, the allegations should be set forth in separate numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Further, each claim "founded on a separate transaction or occurrence" must be stated in a separate "Count." Id.

For additional resources and assistance, plaintiff may wish to consult the "Proceeding Without a Lawyer" resources on filing a *pro se* complaint that are provided on the Court's website, at http://www.flmd.uscourts.gov/pro_se/default.htm. The website has tips, answers to frequently-asked questions, and sample forms. There is also a link that, through a series of questions, may help Plaintiff generate the amended complaint.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion for More Definite Statement (Doc. #7) is **GRANTED** and the Complaint (Doc. #3) is **dismissed without prejudice** to filing an Amended Complaint within **TWENTY-ONE (21) DAYS** of this Opinion and Order. **The failure to file an Amended Complaint will result in the closure of this case without further notice.**

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of June, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record